**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**Southern Division**

| | |
|---|---|
| **HENRY CARDILLO,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. CBD 03-1011** |
| ) | |
| **ROY SEEKFORD, et al.** ) | |
| ) | |
| **Defendants.** ) | |
| ——————————————————) | |

**MEMORANDUM OPINION GRANTING**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Henry Cardillo ("Plaintiff") brings this civil rights action under 42 U.S.C. § 1983 against

Roy Seekford, Clinton Clark, Mark Grimes, and Mark Fisher (collectively "Defendants").  Now

before the Court is Defendants' Motion for Summary Judgment.  ("Defendants' Motion")

(Docket Item No. 47).  The Court has reviewed Defendants' Motion, the opposition and reply

thereto.  No hearing is deemed necessary.  Local Rule 105.6 (D. Md.).  For the reasons below,

the Court hereby GRANTS Defendants' Motion.

**I.  STANDARD OF REVIEW**

A court may grant summary judgment "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law."  Fed. R. Civ. P. 56(c).  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986);

Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987).  A court must construe the

1

facts alleged and reasonable inferences in favor of the nonmoving party.  <u>United States v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962).

 To prevail on a motion for summary judgment, the moving party must demonstrate that no genuine issue of fact exists and that it is entitled to judgment as a matter of law.  <u>Pulliam Inv. Co., Inc. v. Cameo Props.</u>, 810 F.2d 1282, 1286 (4th Cir. 1987).  The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." <u>Celotex Corp.</u>, 477 U.S. at 323.  "[T]he burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case."  <u>Id</u>. at 325.

 "Once the moving party discharges its burden . . . , the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial."  <u>Kitchen v. Upshaw</u>, 286 F.3d 179, 182 (4th Cir. 2002).  Where the nonmoving party has the burden of proof, it is that party's responsibility to confront the motion for summary judgment with an affidavit or other similar evidence.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986).  "The disputed facts must be material to an issue necessary for the proper resolution of the case."  <u>Thompson Everett, Inc. v. Nat'l. Cable Adver., L.P.</u>, 57 F.3d 1317, 1323 (4th Cir. 1995).  There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  <u>Anderson</u>, 477 U.S. at 249-50. (<u>citations omitted</u>).

## II.  BACKGROUND

Plaintiff was an inmate at the Maryland Correctional Training Center ("MCTC"), in Hagerstown, Maryland.  Defendants were correctional officers at MCTC.  Plaintiff alleges that Defendants beat him and then denied him medical treatment on April 12, 2000.  Plaintiff's Complaint at 4-6.[1]

Plaintiff brought excessive force, accessory to the use of excessive force and deliberate indifference to a serious medical condition claims pursuant to 42 U.S.C. § 1983 against Defendants.  Plaintiff's Complaint at 4-6.

## III.  DISCUSSION

Defendants argue that this Court should grant Defendants' Motion or in the alternative dismiss Plaintiff's claim because Plaintiff failed to exhaust his available administrative remedies, as required by the Prisoner Litigation Reform Act ("PLRA").

The PLRA provides that, "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C.A. § 1997e(a) (2005).  "Prison conditions" have been broadly interpreted to include "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 515,

---

[1] Plaintiff did not file a verified complaint.  The Court has cited the Plaintiff's Complaint only to provide background information about Plaintiff's claim and has not relied upon the facts set forth in Plaintiff's Complaint in reaching its ruling.  See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991)(stating that "a verified complaint is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge.")(emphasis in original).

532 (2002).

The PLRA does not require a prisoner to plead that he has exhausted available administrative remedies in his complaint.  Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 677, 680 (4th Cir. 2005).  However, a defendant may assert failure to exhaust administrative remedies as an affirmative defense.  Id. at 681.  Where a defendant asserts failure to exhaust administrative remedies as an affirmative defense, a district court must not dismiss the prisoner's complaint without giving the prisoner an opportunity to be heard.  Id. at 682.  Here, Plaintiff has had an opportunity to be heard.

### A.     The Available Administrative Remedies

Plaintiff had administrative remedies available to him through the Maryland Division of Corrections Administrative Remedy Procedure ("ARP").  Division of Corrections Directive ("DCD") § 185-100 (1993).  The ARP has two steps.  First, the inmate must submit a "Request for Administrative Remedy" to the warden where the inmate is housed within 15 calendar-days of the date on which the incident occurred or within 15 calendar-days of the time the inmate first gained knowledge of the incident.  DCD §§ 185-100 (1993); DCD §§ 185-101, 185-402 (1998).[2]

Second, if an inmate is dissatisfied with the warden's response, the inmate may submit a "Headquarters Appeal of Administrative Remedy Response" to the Commissioner of Correction. DCD § 185-100 (1993).  This appeal must be made within ten calendar-days of the date the inmate receives the warden's response.  DCD §§ 185-101, 185-403 (1998).  This is the final step in the ARP.  DCD § 185-100 (1993).

---

[2] DCD § 185-402 was revised in 2001.  The Court will apply DCD § 185-402 as it was in April of 2000 at the time of the alleged April 12, 2000 incident.

4

If an inmate is dissatisfied with the outcome of the ARP, he may appeal to the Executive Director of the Inmate Grievance Office ("IGO") within 30 days. DCD § 185-100, Appendix 4, at 2. An inmate has exhausted the available administrative remedies when he receives a decision from the IGO.

**B.      Plaintiff Failed to Exhaust the Available Administrative Remedies.**

Defendants argue that Plaintiff failed to exhaust the available administrative remedies because he failed to appeal to the IGO. Defendants' Memorandum at 6. As support for this contention, Defendants filed an affidavit of the Executive Director of the IGO. Defendants' Memorandum, Exhibit 1. In the affidavit, the Executive Director asserts that the IGO did not receive an appeal from Plaintiff regarding the April 12, 2000 incident. Defendants' Memorandum at 7-9, Defendants' Exhibit 1, at 2.

Plaintiff argues that he has exhausted all available administrative remedies. Plaintiff's Opposition at 2, 5. Plaintiff contends that he filed four ARP forms. Plaintiff's Opposition at 1. He asserts that he did not receive a response to the first two ARP forms and contends that the second two ARP forms were denied as untimely. Id. Plaintiff argues that Defendants should be estopped from raising failure to exhaust administrative remedies as a defense because Plaintiff did not receive a response to his ARP forms until no additional administrative remedies could provide relief. Id. at 4.

There is no record evidence to support Plaintiff's contention that he availed himself to the available administrative remedies. Plaintiff has attached a "Request for Administrative Remedy" form dated April 24, 2000 and a "Headquarters Appeal of Administrative Remedy Response" form dated July 6, 2000 to Plaintiff's Opposition. However, Plaintiff failed to attach an affidavit

authenticating the documents.  <u>See</u> Fed. R. Civ. P. 56(e).  Plaintiff's Exhibits are neither sworn nor certified.  <u>Id</u>.  Therefore, the documents are not record evidence and the Court will not consider them.

The Court notes that the record does contain a affidavit by Plaintiff, which was attached to Plaintiff's response to Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment.  Docket Item No. 17, Exhibit 1.  In Paragraph 44 of the affidavit, Plaintiff asserts that he filed "four or five administrative remedy procedure complaints just to get a response."  He further contends that "when they (the Division of Corrections) responded they said I'd filed too late."  Docket Item No. 17, Exhibit 1, at 6.  This affidavit is record evidence and supports the notion that Plaintiff at least attempted to avail himself to the available administrative remedies.  However, it does not assert that Plaintiff exhausted his available administrative remedies by filing a "Request for Administrative Remedy" with the warden within 15 days of the incident; submitting a "Headquarters Appeal of Administrative Remedy Response" to the Commissioner within ten days of the warden's response; or appealing the Commissioner's response to the IGO.  Accordingly, the Court finds that Plaintiff failed to exhaust his available administrative remedies.

## **IV.  CONCLUSION**

For the forgoing reasons, Defendants' Motion for Summary Judgment is GRANTED.


_____/s/_____
Charles B. Day
United States Magistrate Judge


August 23, 2005



CBD:elj